# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA | A05-108 CR (JWS) |
| Plaintiff, | |
| vs. | **SCHEDULING AND PLANNING ORDER REGARDING DISCOVERY AND PRETRIAL MOTIONS** |
| Carlos Likee **RAINEY** (D-01), Shannon Dawn **RAINEY** (D-02), D'Andre **TOLBERT** (D-03), Damon **STEVENS** (D-04), Richard James **McKINNON** (D-05), Joshua Price **PLUID** (D-06), Krista Ann **CALLAN** (D-07, Alexander **BOOKER** D-08), Alfredo **MARTINEZ** (D-09), Francisco **MARTINEZ** (D-10), Isai **HERNANDEZ** (D-11), | |
| Defendants. | |

In response to Judge Sedwick's scheduling and planning hearing held December 21, 2005, and the Order entered at Docket No. 135 directing counsel to respond regarding proposed time lines for discovery and motion practice;  The court has received from the defendants and the government their proposed discovery

schedule pertinent to pretrial preparations in this case.  Upon due consideration of these pleadings and the record herein the court enters its first scheduling and planning order addressing the production of pretrial discovery and related case management matters which govern the above case.

## Discovery

The court appreciates the cooperative attitude which all of the parties have demonstrated with respect to the exchange of information and pretrial discovery relevant to this case.  The parties should be actively reviewing documents which have already been made available as they are made available to defense counsel from the government.  The parties are expected to adhere to the scheduling and planning orders and it is incumbent upon moving counsel to show cause why their clients should be accorded any variance.  Accordingly, IT IS HEREBY ORDERED:

1.    The defense and the government are expected to cooperate toward the goal of having this case ready for a single trial by all parties in a timely, efficient and financially responsible manner.  The court will defer ruling on motions to sever or whether the case should be otherwise broken into separate trials until closer to the trial date.

//

//

2.      To the extent that the government has identified a speaker on any recorded telephone calls or wire taps the government should provide this information to the defendants.

3.      The government shall prepare and furnish to the defendants an index listing all documents by bates number.  The government shall also furnish to the defense an index listing of all tangible material produced or made available to the defense through discovery.  The court expects that the index will contain sufficient particularity identifying the item by type (i.e., property seized during execution of a search warrant, item seized upon arrest of defendant) and relevant date (i.e., wire tap of given date).  The government shall provide at its own expense English translations of any documents or tangible items containing a foreign language where the government has for its own review in the investigation procured any English translation.

4.      The parties are required to serve all other parties of record in the case **except** when filing <u>ex parte</u> pleadings.  Every <u>ex parte</u> pleading must state on the first page below the title of the document that it is being submitted <u>ex parte</u>.

5.      Where appropriate, defense counsel shall file joint motions rather than separate identical motions.  Any joinder in motions by a co-defendant must be filed prior to the due date for the government's response and in every instance in a timely manner to allow the U.S. Marshal to have a defendant present in the

A05-108 CR (JWS) ALL DEFTS - Scheduling & Planning Order Re Discovery.wpd

3

Scheduling & Planning Order ALL DEFTS dated 02-01-06
3:05-cr-00108-JWS-JDR          Signed by Judge John D. Roberts          Page 3 of 6 jdr/jam

Anchorage courtroom for an evidentiary hearing when the defendant is expected to be preset at the hearing.

Counsel shall refrain from submitting any "dual purpose" documents. For example, a response, opposition or memorandum of points and authorities should not contain requests for other relief within the documents.  Motions should be filed separately to assure that they are timely brought to the attention of the court and to facilitate an efficient record keeping of docket entries by the clerk.  When referencing any document the parties shall use the agency identifier as well as the bates stamp number for clarity.

To aid the court in its pretrial management of this case the parties are requested to submit a status report no later than 30 days from the date of this order. The government shall file its status report and the CJA represented defendants may file a single status report through the lead CJA defense attorney.  The parties should anticipate that any disclosure of discovery regarding expert witnesses such as written summaries of testimony from those intended to serve as expert witness requested pursuant to Rule 16(a)(1)(G) or (b)(1)(C)(ii) will likely be required no later than 30 days before the commencement of trial.

Every pleading filed in this case shall identify on the first page the name of the party who has caused the pleading to be filed.    Identifying a particular

A05-108 CR (JWS) ALL DEFTS - Scheduling & Planning Order Re Discovery.wpd

4

Scheduling & Planning Order ALL DEFTS dated 02-01-06
3:05-cr-00108-JWS-JDR                    Signed by Judge John D. Roberts                    Page 4 of 6 jdr/jam

defendant in this way will assist the docketing clerk and others reading the document more quickly to determine on whose behalf the pleading is filed.

CJA Counsel should attempt to obtain the best fare possible for any authorized travel.  Such counsel should ascertain the date of proposed travel, well in advance to obtain the best possible fare.

This case has been declared complex under the Speedy Trial Act. Accordingly, interim payments of CJA attorney's fees may be submitted for services incurred for the proceeding ninety (90) days to be filed no later than the tenth (10th) of the month following the time interval addressed. [Vouchers for services rendered through January 31, 2006 shall be submitted to the CJA Administrative Clerk on or before February 10, 2006.]

Defense counsel shall act jointly where feasible to utilize centralized vendors and providers, omnibus court procedures and forms, and uniform plan for processing payments (CJA-21s).

The Government when providing discovery should, whenever possible, use a CJA21 voucher for requested payment relating to CJA court appointed counsel.

The Federal Defender's Officer should be used as a central repository for discovery and an index should be created and distributed electronically to defense counsel.

A05-108 CR (JWS) ALL DEFTS - Scheduling & Planning Order Re Discovery.wpd

5

Scheduling & Planning Order ALL DEFTS dated 02-01-06
3:05-cr-00108-JWS-JDR                 Signed by Judge John D. Roberts                 Page 5 of 6 jdr/jam

Scott Dattan, Esq. has agreed to accept and is hereby designated as lead CJA counsel. If needed, Mr. Dattan may move for the appointment of a case paralegal and discovery coordinator for the CJA attorneys.

The current trial date is June 5, 2006. Accordingly all pretrial motions relating to discovery must be filed no later than February 21, 2006. All other pretrial motions including motions requiring an evidentiary hearing must be filed no later than March 15, 2006. Government responses shall be due 20 days after the filing date of the motions. No replies shall be entertained unless specifically requested by the court.

DATED this __1st___ day of February, 2006, at Anchorage, Alaska.


 /s/ John D. Roberts_____
JOHN D. ROBERTS
United States Magistrate Judge

A05-108 CR (JWS) ALL DEFTS - Scheduling & Planning Order Re Discovery.wpd

6

Scheduling & Planning Order ALL DEFTS dated 02-01-06
3:05-cr-00108-JWS-JDR                Signed by Judge John D. Roberts                Page 6 of 6 jdr/jam