IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | A05-0108 CR (JWS) |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANT** |
| JOSHUA PLUID, et al., | ) | **JOSHUA** |
| | ) | **PLUID'S** |
| Defendants. | ) | **SENTENCING** |
| | ) | **MEMORANDUM** |

No excludable delay is expected to occur as
a result of the filing of the present document.

Joshua Pluid, 24, pled guilty to one count of drug conspiracy, in violation of 21

U.S.C. § 841(a)(1) and (b)(1)(c) (Count 1 of the indictment), and one count of using

or carrying a firearm during and in relation to a drug trafficking crime, in violation of

18 U.S.C. § 924(c)(1)(A)(I) and (C)(I)(Count 11 of the indictment).

The mandatory minimum penalty on the drug conspiracy conviction is five

years and the maximum penalty is 40 years imprisonment.  The mandatory minimum

penalty on the firearms conviction is five years, and the maximum penalty is life,

imprisonment, to run consecutively to the term imposed on Count 1.

The U.S. Probation Officer recommends that the court impose a sentence of

135 months (11 years, three months) on Count 1 and 60 months (five years)

consecutive, on Count 11, for a total of 16 years, three months imprisonment.

The United States is expected to argue that the court impose a sentence of not less than 15 years.   In sum, the forces of prosecution and the probation office seem to view incapacitation, rather than rehabilitation, as the primary sentencing goal for Joshua Pluid.  For the reasons discussed below, those sentencing recommendations, though within the law, are too harsh.  Mr. Pluid's sentence should instead aim at achieving, and represent, a balance among the sentencing goals of limited incapacitation, affirmation of societal norms and rehabilitation.

The advisory U.S. Sentencing Guideline range for Mr. Pluid, as set forth in his final PSR, is 135 to 168 months imprisonment (PSR, p. 9, ¶ 57).  That calculation is based upon an adjusted offense level of 31 and a criminal history category of III. Pluid timely objected to certain of the underlying findings of fact and conclusions of law upon which those calculations rest.  Mr. Pluid has filed the requisite motion for an evidentiary hearing to resolve those issues, and he incorporates his objections and arguments on those issues, here, by reference.

The advisory Guideline sentence, while important for consultative purposes, is not in legal reality the determinative sentencing issue.  For example, even if the court grants Mr. Pluid the adjustments he seeks, the fact remains that the statutory minimum penalty on Count 1, given the remaining drug type and quantities for which Mr. Pluid is liable, is ten years.  And there is no dispute that Mr. Pluid must receive a consecutive five years on the gun offense conviction in Count 11.

**United States v. Rainey, et al**
**No. A05-0108 CR (JWS)**
**Defendant Joshua Pluid's**
**Sentencing Memorandum**
**Page 2 of 8**

Mr. Pluid seeks a sentence of five years on Count 1. There are several grounds which fall within the ambit of the sentencing considerations enumerated in 18 U.S.C. § 3553.

First, there is the fact that Mr. Pluid debriefed, twice, with the United States and provided verifiable information about his role and activities in the conspiracy. The Government may not file or make any recommendation for mitigation of Mr. Pluid's sentence based upon his cooperation. Nonetheless, that information was, at a minimum, of corroborative value and was imparted at no small risk to Mr. Pluid.

Second, there is the fact that Mr. Pluid is very young (24) and suffers from mild functional impairment due to dyslexia. The letters from family and friends, and his juvenile records, clearly establish that Mr. Pluid suffers from dyslexia and, in concert with the negative influence of an absentee father, shows that Mr. Pluid's mental and educational development lagged well behind the norm for his peer group.

Third, there is the fact that Mr. Pluid is fully capable, under the right circumstances, of rehabilitation. Mr. Pluid, despite his disadvantages, enrolled in and completed the Alaska Youth Military Academy and enlisted in the U.S. Army, seeking a career in the armed forces. Unfortunately, he was not accepted because of his dyslexia, which operates as a significant impairment to his ability to read and write. There is also ample evidence that Mr. Pluid is a person of conscience and compassion. For example, his family attests that he has often been entrusted with the care of both the very young and the very old in his extended family group.

**United States v. Rainey, et al**
**No. A05-0108 CR (JWS)**
**Defendant Joshua Pluid's**
**Sentencing Memorandum**
**Page 3 of 8**

Fourth, there is the fact that Mr. Pluid enjoys, as is evidenced by the letters of support supplied by his friends and family, with a solid connection to family and community.  Despite the negative aspects of his limited activities in the criminal milieu, Mr. Pluid saved money, supported his girlfriend while she worked on her college education and repeatedly stated his intention to get out of the drug world as soon as he could.  From all the evidence, it appears then that Mr. Pluid fell into a brief, but somewhat intense, period of involvement in criminal behavior intended to build up a nest egg, and then to exit the scene.

Finally, there is the fact that both Mr. Pluid and society have a definite interest in not having him become an institutionalized convict, so embittered and transformed by 15 or more years in prison, that effective re-integration will be impossible.

A sentence of five years on Count 1 will incapacitate Mr. Pluid without rendering him into an institutionalized non-entity.  A sentence of five years on Count 1—in conjunction with the mandatory consecutive five years on Count 11—will do all and more than is necessary to affirm certain vital societal norms, including abiding by the law and limiting enterprise to lawful activities only.  A sentence of five years on Count 1 will permit Mr. Pluid to rehabilitate himself in realistic hope of a productive and meaningful future, which will include employment, family and investment, rather than idleness, loneliness and waste.

To protect the safety of the community and ensure that Mr. Pluid does in fact work earnestly, under both appropriate incentives and disincentives, to rehabilitate himself, the court should order that Mr. Pluid serve the maximum amount of time allowed under statute on supervised release.

Finally, Mr. Pluid requests that he be declared eligible for all substance abuse and educational/vocational training programs for which he may qualify, and that the court recommend that Mr. Pluid be housed at the correctional facility at Sheridan, Oregon in order to facilitate contact with family in Alaska, and his general rehabilitation.

In her letter to the court Susan Richmond, the mother of Joshua Pluid, writes "While painful things that happened in Joshua's life do not excuse the choices he has made, they help you understand how a young and immature boy is now before you to be sentenced." Just so. Joshua Pluid makes no excuses for his criminal misconduct and has, from the moment of his arrest, accepted responsibility for same. His future, at this juncture, is only partially in his hands. If the court sentences him to a total of 15 or more years in prison then it is that much more likely that Joshua will emerge from prison an institutionalized individual for whom reintegration will be very, very hard. If the court sentences him to a total of ten years or less then it is that much more likely that he will emerge ready and able to live a law abiding life.

For those reasons Joshua Pluid requests that he be sentence to serve not more than ten years in prison with a lengthy period of supervised release.

DATED this 29th day of September, 2006 at Wasilla, Alaska.

> Sterling & DeArmond
> Counsel for Defendant
> Joshua Pluid (D-6)
>
> By: s/ Scott A. Sterling
>     Scott A. Sterling
>     Sterling & Dearmond
>     851 Westpoint Drive, Suite 201
>     Wasilla, Alaska 99654
>     Telephone: (907) 376-8076
>     Fax:        (907) 376-8078
> Email: scottsterling@alaskalawyers.net
>     Bar No. 8706053

**United States v. Rainey, et al**
**No. A05-0108 CR (JWS)**
**Defendant Joshua Pluid's**
**Sentencing Memorandum**
**Page 6 of 8**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served by means of

the ECF system on the 29th day of September, 2006 upon:

AUSA Stephan Collins
222 West 7th Avenue
Anchorage, Alaska 99513
Fax:: (907) 271-1500
Counsel for Plaintiff

Raul Mendez
Phone: (206) 264-0849
Fax:    (425) 316-6707
Counsel for Defendant Carlos Rainey (D-1)

D. Scott Dattan
2600 Denali Street
Suite 460
Anchorage, Alaska 99503
No Fax
Counsel for Defendant Shannon Rainey (D-2)

Burke Wonnell
2600 Denali Street
Suite 460
Anchorage, Alaska 99503
Fax: (907) 278-8571
Counsel for Defendant D'Andre Tolbert (D-3)

Mark Rosenbaum
4940 Byrd Lane
Suite 100
Anchorage, Alaska 99502
Fax: (907) 243-2609
Counsel for Defendant Damon Stevens (D-4)

**United States v. Rainey, et al**
**No. A05-0108 CR (JWS)**
**Defendant Joshua Pluid's**
**Sentencing Memorandum**
**Page 7 of 8**

AFD Mike Dieni
550 West 7th Avenue
Suite 1600
Anchorage, Alaska 99501
Fax: (907) 646-3480
Counsel for Defendant Richard McKinnon (D-5)

Lance Wells
733 West 4th Avenue
Suite 308
Anchorage, Alaska 99501
Fax: (907) 277-9859
Counsel for Defendant Krista Callan (D-7)

John Pharr
733 West 4th Avenue
Suite 308
Anchorage, Alaska 99501
Fax: (907) 277-9859
Counsel for Defendant Alexander Booker (D-8)

By:/s/ Scott A. Sterling

**United States v. Rainey, et al**
**No. A05-0108 CR (JWS)**
**Defendant Joshua Pluid's**
**Sentencing Memorandum**
**Page 8 of 8**