UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:05-cr-00108-6 JWS |
| Plaintiff, | |
| vs. | ORDER AND OPINION |
| JOSHUA PRICE PLUID, | [RE: Motion at doc. 673] |
| Defendant. | |

At docket 673 defendant Joshua Price Pluid ("Pluid") moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). The motion is supported by the Federal Defender's memorandum at docket 674 and a memorandum Pluid prepared *pro se* at docket 674-1. The United States opposes at docket 677. This court is authorized by § 3582(c) to reduce a defendant's sentence in certain circumstances.

In 2006, Pluid was convicted of drug trafficking and possession of a firearm in relation to his drug trafficking offense. This court sentenced him to 84 months on the drug trafficking offense, which was well below the bottom of his Guideline range. This court also sentenced him to a mandatory consecutive 60 months on the firearms charge for a total sentence of 144 months. Pluid asks the court to reduce his drug trafficking sentence from 84 months to 72 months pursuant to Amendment 782 to the Sentencing Guidelines, which would yield a total sentence of 132 months.

Amendment 782 reduced the guideline offense level for drug crimes by two levels. Amendment 782 was made retroactive. Retroactive application of guideline changes is subject to the limitation in Sentencing Guideline § 1B1.10, a limitation which this court is bound to recognize. *Dillon v. United States*, 560 U.S. 817, 821 (2010).

Since its amendment in 2011, Guideline § 1B1.10 has provided (with an exception inapplicable to Pluid) that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." If this limitation applies, Pluid's drug sentence cannot be reduced, because the sentence originally imposed for the drug trafficking offense is less than the minimum of the amended guideline range.

Pluid points to the version of § 1B1.10 in effect prior to November 1, 2011, which lacked the limitation in the current version of § 1B1.10. Relying on an Illinois district court case, *United States v. King*, 2013 WL 4008629 (N.D. Ill. 2013), Pluid argues that applying the limitation in the current version of § 1B1.10 to him would violate the Constitution's Ex Post Facto clause. Pluid's argument is foreclosed by *United States v. Water*, 771 F.3d 679, 681 (9th Cir. 2014). Accordingly, the motion at docket 673 is **DENIED**.

DATED this 5th day of March 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE